UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CRAIG JOHNSON,                                    Case No. 16-CV-2384 (DWF/LIB)

          Plaintiff,

v.                                                REPORT AND RECOMMENDATION

CROSSLAKE POLICE DEPARTMENT;
ERIC SWANSON; and SELECT ONE
THERAPY,

          Defendants.

---

CRAIG JOHNSON,                                    Case No. 16-CV-2514 (DWF/LIB)

          Plaintiff,

v.                                                REPORT AND RECOMMENDATION

CITY OF CROSSLAKE and THE WARF,

          Defendants.

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff Craig Johnson's Applications to Proceed in District Court Without Prepaying Fees or Costs. (No. 16-cv-2514 [Docket No. 2]; No. 16-cv-2384 [Docket No. 2]).

Plaintiff has initiated at least 10 lawsuits in this District over the previous 12 months, not including the present matters. *See Johnson v. Minnesota State Patrol*, No. 15-CV-3881 (MJD/LIB)

(D. Minn. filed Oct. 19, 2015); *Johnson v. Crow Wing County Sheriff Dep't*, No. 15-CV-3901 (PJS/LIB) (D. Minn. filed Oct. 20, 2015); *Johnson v. Essentia St. Joseph's Medical Center*, No. 15-CV-4034 (SRN/LIB) (D. Minn. filed Nov. 5, 2015); *Johnson v. Crow Wing County Sheriff's Dep't*, No. 15-CV-4319 (JRT/LIB) (D. Minn. filed Dec. 3, 2015); *Johnson v. Crow Wing County Sheriff's Department*, No. 15-CV-4320 (JRT/LIB) (D. Minn. filed Dec. 3, 2015); *Johnson v. Cartner*, No. 16-CV-0053 (ADM/LIB) (D. Minn. filed Jan. 11, 2016); *Johnson v. Bloomington Police*, No. 16-CV-0560 (WMW/LIB) (D. Minn. filed Mar. 3, 2016); *Johnson v. United Business Mail*, No. 16-CV-1040 (ADM/LIB) (D. Minn. filed Apr. 21, 2016); *Johnson v. Essentia St. Joseph's Hospital*, No. 16-CV-1246 (PJS/LIB) (D. Minn. filed May 11, 2016); *Johnson v. Hartman*, No. 16-CV-1746 (D. Minn. filed May 27, 2016). As can perhaps be gleaned from the captions of those cases, Johnson usually sues one or more of a handful of the same defendants. His complaints rarely include a formal claim for relief or mention any particular cause of action. Often, this Court has struggled to understand the factual allegations being raised in the complaints. All but two of the lawsuits listed above has been dismissed for being frivolous, malicious, or for failure to state a claim on which relief may be granted; one of those two remaining lawsuits has been recommended for dismissal on that same basis.

This matter is before the Court on the two most recent lawsuits filed by Johnson. As in his previous cases, Johnson did not pay the filing fee for these matters, but instead applied for *in forma pauperis* ("IFP") status. Those IFP applications are now before the Court and must be considered before any other action may be taken in this matter. After review of the IFP applications, this Court concludes that Johnson qualifies financially for IFP status. That said, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to

state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Both of Johnson's most recent Complaints fit his usual pattern. Neither sets forth the relevant factual allegations with much clarity, leaving this Court to guess at what, exactly, Johnson is alleging. In many respects     for example, his allegations that the FBI interviewed him about Jimmy Hoffa's disappearance     Johnson's Complaints appear to be delusional. Both Complaints request only monetary relief ($5 trillion in the first Complaint; $5 billion from each defendant in the second Complaint).

Most importantly for purposes of the present recommendation, neither Complaint states a claim on which relief may be granted.  In his first action,[1] Johnson alleges that his First Amendment rights were violated when he was arrested by Crosslake Police Department officer Eric Swanson. But allegation is entirely conclusory.  Rather than alleging facts that, if true, would *show* that the arrest violated his First Amendment rights, Johnson simply declares that his rights were violated by the arrest.  But this conclusion is not enough to state a viable claim for relief.  *See Iqbal*, 556 U.S. at 679.  Johnson does not allege enough facts relating the events surrounding the arrest for this Court to reasonably infer that Johnson was arrested for exercising his First Amendment rights.  Indeed, the events surrounding the arrest are only very obliquely described in the Complaint.  Even after several readings of the Complaint, this Court does not understand exactly what Johnson is alleging to have occurred involving the named defendants.

Johnson's second Complaint[2] is harder to follow still      much of the Complaint concerns a lecture allegedly given by the FBI at a community center concerning Jimmy Hoffa.  Apart from alleging that his claim raises a federal question, however, Johnson gives no indication of what claim he is bringing against the named defendants in that action.  At most, Johnson appears to believe that he was harassed by employees of "The Warf," but it is overwhelmingly doubtful that this harassment, even if accepted as true, implicates any of Johnson's federal constitutional or statutory rights.  For example, "The Warf" does not seem to be a state actor, as would be required to establish liability under 42 U.S.C. § 1983 for violations of Johnson's federal constitutional rights.  *See*

---

[1] *Johnson v. Crosslake Police Dep't*, No. 16-CV-2384 (DWF/LIB).

[2] *Johnson v. City of Crosslake*, No. 16-CV-2514 (DWF/LIB).

*Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008).  The City of Crosslake, also named as a defendant, does not appear to be involved in the events at issue at all.

This is not the first time that Johnson has attempted to sue the City of Crosslake, the Crosslake Police Department, or their officers and employees, including Eric Swanson, on what appears to be substantially similar, deficient factual allegations.  *See Johnson v. Hartman*, No. 16-CV-1746; *Johnson v. Minnesota State Hospital*, No. 16-CV-1878.  As in the past, because it is not *impossible* that Johnson could amend his Complaints to raise factual allegations giving rise to a viable claim against those defendants (or the other defendants named in these two actions), this Court recommends that this matter be summarily dismissed *without* prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

That said, Johnson has previously been warned that, in light of his record of bringing frequent, repetitive, and unmeritorious litigation in this District, it may some day become necessary to import restrictions on his ability to pursue further pro se proceedings.  *See Hartman*, No. 16-CV-1746, ECF No. 3.  This Court believes that day has arrived.  Given Johnson's extensive history of repetitive, non-meritorious, and often frivolous lawsuits, it is now necessary and appropriate to protect the District Court and its staff from any further abusive submissions by Johnson. Accordingly, this Court recommends that, in addition to dismissing Johnson's current Complaints, he be restricted from filing new cases in this District unless he is represented by counsel or receives prior written authorization from a judicial officer in this District.  Such a restriction will not preclude Johnson from pursuing meritorious claims for relief    only from filing further frivolous and repetitive pleadings.  *See In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (noting that "there is 'no

constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'")

(quoting *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) (per curiam)).

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.      This actions be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      Plaintiff Craig Johnson's applications to proceed *in forma pauperis* be **DENIED**.

3.      Johnson be restricted from filing new cases in this District unless he is represented by counsel or receives prior written authorization from a judicial officer in this District.

Dated: August 15, 2016                s/Leo I. Brisbois_____
                                              Leo I. Brisbois
                                              United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and

Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.